RECEIPT # 57163
AMOUNT $ 150.—
SUMMONS ISSUED ___6___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED ___1___
BY DPTY. CLK. _____
DATE  7-5-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
)
OMNIPOINT HOLDINGS, INC., )
)
    Plaintiff, )
)
)
v. )    Civil Action No.
)
THE TOWN OF BEDFORD, ZONING BOARD )  **04 11722 RWZ**
OF APPEALS OF THE TOWN OF )
BEDFORD, ROBERT ELLIS, JEFFREY COHEN, )  MAGISTRATE JUDGE _____
DAVID EZEKIEL and LOUISE MAGLIONE )
in their capacities as members of the )
Town of Bedford Zoning Board of Appeals, )
)
    Defendants. )
)

## COMPLAINT

This action arises out of the unlawful denial by the Bedford Zoning Board of Appeals ("Zoning Board" or "ZBA") of an application, pursuant to the Town of Bedford Zoning By-Laws ("By-Laws") by Omnipoint Holdings, Inc. ("Omnipoint") for a special permit to allow Omnipoint to install three wireless communications antennas to be enclosed and concealed within proposed replicas of chimney or mechanical vent pipes to be constructed on top of the Best Western Hotel Building at 340 Great Road, Bedford, Massachusetts, and two equipment cabinets which would be located on the parking lot side of the hotel building at said address. The antennas would have no adverse aesthetic impact upon the area, as they would be entirely concealed within replicas of either chimneys or mechanical vent pipes on the building roof. This denial violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332. As a result, Omnipoint seeks an injunction from this Court directing the Zoning Board to grant Omnipoint's

application for a special permit and for an injunction and order of mandamus directing the Town, through its officers and agents, to issue a building permit with respect to the construction of the chimneys or vent pipes and the wireless communications facility.

## PARTIES

1. Plaintiff, Omnipoint, is a Delaware corporation with a principal place of business at 50 Vision Boulevard, East Providence, Rhode Island. Omnipoint is a leader in commercial wireless Personal Communication Services ("PCS") throughout the United States. Omnipoint successfully bid upon and received PCS wireless broadcast licenses from the Federal Communications Commission ("FCC") for several cities, including the greater Boston area.

2. Defendant, the Town of Bedford, (the "Town"), is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. Defendant, the Zoning Board, is a duly authorized unit of the Town that has been delegated the authority, among other things, to grant special permits and variances under the By-Laws. A true and accurate copy of the By-Laws is attached hereto as Exhibit A.

4. Defendants, Robert Ellis, Jeffrey Cohen, David Ezekiel and Louise Maglione are each residents of the Town and together served as the Zoning Board that denied Omnipoint's application for the special permit at issue in this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically § 332 of the Federal Telecommunications Act of 1996.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), since the defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### The Personal Communications Service Technology

7. Omnipoint is a communications venture committed to providing integrated wireless personal communications services by building a national wireless network using PCS technology. PCS technology is a new generation of wireless service that uses digital transmission to improve the services available to consumers.

8. Unlike cellular services using analog-based systems, PCS digital technology converts voice or data signals into a stream of digits to allow a single radio channel to carry multiple simultaneous signal transmissions. This allows Omnipoint to offer services often unavailable in analog-based systems, such as secured transmissions and enhanced voice, high-speed data, paging and imaging capabilities as well as voice mail, call forwarding and call waiting.

9. Mobile telephones using PCS technology operate by transmitting a radio signal to antennas mounted on a tower, pole, building, or other structure. The antenna feeds the signal to electronic devices housed in a small equipment cabinet, or base station. The base station is connected by microwave, fiber optic cable, or ordinary telephone wire to the Base Station Controller, subsequently routing the calls throughout the world.

10. Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited.

11. In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that Omnipoint is unable to construct a cell site within a specific geographic area, Omnipoint will not be able to provide service to the consumers within that area.

12. Omnipoint's engineers use complex computer programs and extensive field testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cells and other factors. In order for the entire system to be operational, there must be properly placed cell sites installed and functioning so that seamless coverage can be realized, and only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a given area, there would be no PCS telephone service for customers within that area, and mobile customers who travel into the area will experience blocked calls, in which callers experience an abrupt and complete loss of signal.

13. Based upon Omnipoint's research and analysis as part of an extensive review of call traffic in the targeted area of Bedford, Omnipoint determined that, in order to fill a significant gap in its coverage, which would otherwise preclude its provision of seamless, uninterrupted coverage in the targeted portion of Bedford, Omnipoint needed to mount three antennas at a height of approximately forty-two feet, in the immediate vicinity of 340 Great Rd., Bedford, the site of a Best Western Hotel, together with two refrigerator-sized equipment cabinets on the parking lot side of the roof at the same premises.

14. Omnipoint determined that the only alternative site in the immediate vicinity of 340 Great Rd., Bedford would require construction of a free-standing telecommunications tower.

20. By-Laws, Table 1 Use Regulations, Section 4.4.5 provides that a wireless communication facility may be permitted within the General Business Zoning District with the grant of a Special Permit. Section 4.4.5 states that the Permit Granting Authority for wireless communication facilities located upon property not owned by the Town shall be the ZBA.

21. By-Laws, Section 4.4.5.3 provides the Design Provisions for wireless communication facilities. Said section requires, inter alia., that antennas and similar facilities shall be screened from view to the maximum practical extent and shall be of neutral colors that are harmonious with, and blend with the natural features, buildings and structures in the surroundings. Said section requires, as well, that wireless communication facilities mounted on buildings shall be designed and located so as to appear to be an integral part of the existing architecture of the building.

22. The ZBA held two hearings on Omnipoint's application. At the hearings, Omnipoint presented evidence, which was not refuted, regarding the gap in its coverage and its corresponding need for the antennas it proposed to place upon the hotel building. Additionally, Omnipoint presented evidence of the lack of alternative sites in the area that would allow it to provide seamless, uninterrupted service to its customers, except for a single site that would require the construction of a free-standing telecommunications tower.

23. At the hearings, not a single abutter voiced opposition to the special permit for which Omnipoint applied.

24. At the hearings, the ZBA members asked questions about the Best Western Hotel's past structural improvements and general appearance. Additionally, ZBA members discussed whether allowing antennas to be placed by Omnipoint might result in future placement of antennas at the 340 Great Rd. site.

25. At no time was there any evidence presented that granting the special permit for which Omnipoint had applied would be either injurious or detrimental to the neighborhood or a derogation from the intent and purpose of the By-Laws.

26. On June 24, 2004, the Board voted to deny Omnipoint's application for a special permit, based upon a deadlock, among the four voting members present, at two votes in favor of granting the special permit, and two votes against.

27. The decision reached by the Board, and filed on July 8, 2004, contains no specific findings nor substantial evidence supporting the denial of Omnipoint's application. A true and accurate copy of the Board's decision on Omnipoint's decision is attached hereto as Exhibit B.

## COUNT I - Violation of the Telecommunications Act of 1996

28. Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Article VI, Clause 2, of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof... shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

30. The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities and, under the Supremacy Clause, preempts state laws and municipal ordinances or by-laws affecting such facilities to the extent that such laws, ordinances, and by-laws conflict with the Act.

31. Omnipoint's application for a special permit constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, is entitled to the protection of the Act.

32. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii): "Any decision by a State of local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

33. Omnipoint's application for a special permit met all the criteria required by the By-Laws in order to receive a special permit for a wireless communications facility.

34. Defendants have failed to meet their burden of producing substantial evidence supporting the Zoning Board's denial of Omnipoint's application for a special permit.

35. Consequently, the Zoning Board's decision violated the Act's prohibition on state or local governments denying the placement, construction and modification of personal wireless service facilities without substantial evidence and a written record. 47 U.S.C. § 332(c)(7)(B)(iii).

36. In light of the foregoing, the Zoning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis.

37. Pursuant to 47 U.S.C. § 332(c)(7)(B), the "regulation of the placement, construction and modification of personal wireless service facilities by any State or local government or instrumentality thereof …(II)shall not prohibit or have the effect of prohibiting the provision of personal wireless services".

38. Omnipoint has established that the denial of its request for a special permit to build chimney-like structures on the roof of the Best Western Building at 340 Great Rd., Bedford, and

to house three antennas within said structures would result in a significant gap in its provision of wireless communication services to its customers and that there are no alternative sites within the affected area on or from which it may otherwise fill its coverage gap.

39. Consequently, the Zoning Board's decision violated the Act's requirement that state or local governments not prohibit or effectively prohibit the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(II).

40. Accordingly, the Court should exercise its power to issue an order commanding the Zoning Board to grant the special permit for which Omnipoint applied.

**WHEREFORE,** Omnipoint respectfully requests the following relief as against the defendants:

1. An expedited review of the matters set forth in this Complaint;

2. An injunction mandating that the Zoning Board grant approval of Omnipoint's request for a special permit;

3. An injunction and order of mandamus directing the Town, through its officers and agents, to issue a building permit for the construction of the two chimney-like structures upon the Best Western Hotel at 340 Great Rd., Bedford, the three antennas to be housed therein, and any appurtenant equipment necessary for construction, implementation and operation of the wireless telecommunications facility proposed in Omnipoint's application, including but not limited to two equipment cabinets;

4. A judgment that the defendants' actions violated the Act and are therefore void and invalid;

5. An award of Omnipoint's damages caused by defendants' violation of the Federal Telecommunications Act of 1996;

6. An award of Omnipoint's costs of suit herein, including reasonable attorneys' fees; and

7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

OMNIPOINT HOLDINGS, INC.

By its attorneys,

William A. Worth, Esq., BBO #544086
Ricardo M. Sousa, Esq., BBO # 565043
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109-1024
Tel: (617) 456-8000
Fax: (617) 456-8100

Date: August 4, 2004

JS 44 (Rev. 3/99)                                CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OMNIPOINT HOLDINGS, INC.

**DEFENDANTS** THE TOWN OF BEDFORD, ZONING BOARD OF APPEALS OF THE TOWN OF BEDFORD, ROBERT ELLIS, JEFFREY COHEN, DAVID EZEKIEL and LOUISE MACLIONE

(b) County of Residence of First Listed Plaintiff __(Rhode Island)__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617) 456-8000
William A. Worth (BBO#544086)
Ricardo M. Sousa (BBO#565043)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial St., Boston, MA 02109

Attorneys (If Known)

04 11722 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

47 USC s. 332

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a claim arising from the unlawful denial in violation of 47 USC s. 332 for an application for a special permit.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 8/4/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Omnipoint Holdings, Inc. v. The Town of Bedford**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

   **04 11722 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  William A. Worth, Esq., Ricardo M. Sousa, Esq.
ADDRESS  Prince, Lobel, Glovsky & Tye LLP, 585 Commercial St., Boston, MA 02109
TELEPHONE NO.  (617) 456-8000

(Coversheetlocal.wpd - 10/17/02)