UNITED STATES DISTRICT COURT

|  |  |
|---|---|
| OMNIPOINT HOLDINGS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TOWN OF BEDFORD, ZONING )<br>BOARD OF APPEALS OF THE TOWN OF )<br>BEDFORD, ROBERT ELLIS, JEFFREY )<br>COHEN, DAVID EZEKIEL, and LOUISE )<br>MAGLIONE in their capacities as members )<br>of the Town of Bedford Zoning Board of )<br>Appeals, )<br>)<br>Defendants. )<br>) | Civil Action<br>No. 04-11722 RWZ |

## ANSWER

The defendants The Town Of Bedford ("the Town"), Zoning Board Of Appeals Of The Town Of Bedford, Robert Ellis, Jeffrey Cohen, David Ezekiel, and Louise Maglione in their capacities as members of the Town of Bedford Zoning Board of Appeals ("collectively, the Board") answer Plaintiff Omnipoint Holdings, Inc.'s Complaint as follows:

Introductory paragraph:   To the extent the introductory paragraph of Plaintiff's Complaint is a preliminary statement of Plaintiff's claim and the relief it seeks rather than allegations of fact, no answer is required. To the extent paragraph 1 alleges that the Board's decision "violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332," those allegations are denied.

1. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint.

2. Admitted.

3. Defendants admit that the Zoning Board of Appeals of the Town of Bedford is responsible for granting special permits and variances in the Town. Exhibit A speaks for itself and, without going through the document word by word, it appears to be a copy of the Town's Zoning By-Laws.

4. Admitted.

5. Defendants admit this Court has subject matter jurisdiction over claims arising under 47 U.S.C. §332 pursuant to 28 U.S.C. §§1331.

6. Defendants admit that venue is proper in this District. All allegations in paragraph 6 of Plaintiff's Complaint not specifically admitted herein are denied.

7. Defendants are without sufficient personal knowledge or information as to the truth of the allegations and characterizations in paragraph 7 and those allegations are, therefore, denied.

8. Defendants are without sufficient personal knowledge or information as to the truth of the allegations and characterizations in paragraph 8 and those allegations are, therefore, denied.

9. Defendants are without sufficient personal knowledge or information as to the truth of the allegations in paragraph 9 and those allegations are, therefore, denied.

10. Defendants are without sufficient personal knowledge or information as to the truth of the allegations in paragraph 10 and those allegations are, therefore, denied.

11. Defendants are without sufficient personal knowledge or information as to the truth of the allegations in the first sentence in paragraph 11 and those allegations are, therefore, denied. Defendants deny the allegations in the second sentence in paragraph 11.

12. Defendants are without sufficient personal knowledge or information as to the truth of the allegations in paragraph 12 and those allegations are, therefore, denied.

13. Defendants are without sufficient personal knowledge or information as to the truth of the allegations in paragraph 13 and those allegations are, therefore, denied.

14. Defendants are without sufficient personal knowledge or information as to the truth of the allegations in paragraph 14 and those allegations are, therefore, denied.

15. Defendants admit that Plaintiff sought to construct two ten-foot replicas of brick chimneys on the roof of the Best Western Hotel, install its antennas in those chimneys, and paint the brick facing to match the building. They also admit Plaintiff proposed in the alternative to house its antennas in replicas of mechanical vent pipes. Defendants are without sufficient personal knowledge or information as to the truth of the allegations concerning Plaintiff's motivation and those allegations are, therefore, denied. All other allegations in paragraph 15 not specifically admitted herein are denied.

16. Denied. 340 Great Road is an area zoned for Limited Business.

17. Section 704 of the Federal Telecommunications Act of 1996, 47 U.S.C. §332(c) speaks for itself.

18. 47 U.S.C. §332(c)(7) and 47 U.S.C. §332(c)(7)(B)(v) speak for themselves.

19. Defendants admit that Omnipoint applied for a special permit to allow it to construct a wireless communication facility at 340 Great Road on or about March 31, 2004. All other allegations and characterizations in paragraph 19 are denied.

20. Defendants admit that a special permit is required to place a wireless communications facility in a business zone and that section 4.4.5 of the Town's Zoning By-Laws

provides that the Board is the permit granting authority for wireless communication facilities located on property not owned by the Town. All other allegations and characterizations in paragraph 20 are denied.

21. Section 4.4.5.3 of the Town's Zoning By-Laws speaks for itself.

22. Defendants admit that the ZBA held a hearing on May 13, 2004, which was continued to June 24, 2004. All other allegations and characterizations in paragraph 22 are denied.

23. Defendants admit that no abutter voiced opposition at the hearings.

24. Defendants admit that Board members asked questions at the hearings and that past structural improvements and general appearance as well as the future placement of additional antennas at the 340 Great Road site. All other allegations and characterizations in paragraph 24 are denied.

25. Denied.

26. Defendants admit that the votes of four voting members of the Board resulted in the denial of Plaintiff's application for a special permit. All other allegations and characterizations in paragraph 26 are denied.

27. Denied.

28. Defendants reassert their answers to paragraphs 1 through 27 of Plaintiff's Complaint as if fully restated herein.

29. Article VI, Clause 2 of the United States Constitution speaks for itself.

30. The Telecommunications Act of 1996 speaks for itself. Defendants deny that the Zoning By-law and state law pertaining to zoning and the issuance of special permits applicable

to this case is preempted by the Telecommunications Act.

31. The Telecommunications Act speaks for itself.

32. 47 U.S.C. §332(c)(7)(B)(iii) speaks for itself.

33. Denied.

34. Denied. Defendants further deny that they have a burden of producing evidence.

35. Denied.

36. Denied.

37. 47 U.S.C. §332(c)(7)(B) speaks for itself.

38. Denied.

39. Denied.

40. Denied.

### FIRST AFFIRMATIVE DEFENSE

Omnipoint failed to meet its burden of proof in this case.

### SECOND AFFIRMATIVE DEFENSE

The Board's denial of zoning relief does not prohibit or have the effect of prohibiting the provision of personal wireless services and the Town's Zoning By-law specifically authorizes the placement of such telecommunications facilities within the Town.

### THIRD AFFIRMATIVE DEFENSE

The Board's decision is supported by substantial evidence in the record.

### FOURTH AFFIRMATIVE DEFENSE

The Board's action to deny the applicant's variance and special permit is privileged and/or authorized by the Telecommunications Act, 47 U.S.C. §332(c)(7)(A).

### FIFTH AFFIRMATIVE DEFENSE

The Telecommunications Act does not limit or affect the Board's authority regarding the placement, construction, and modification of personal wireless service facilities because the denial of zoning relief neither discriminated among providers, nor prohibited or had the effect of prohibiting the provision of personal wireless services. 47 U.S.C. §332(c)(7).

### SIXTH AFFIRMATIVE DEFENSE

There was no basis upon which the Board could allow a variance from the terms of the applicable zoning ordinance or by-law under M.G.L. c.40A, §10.

### SEVENTH AFFIRMATIVE DEFENSE

There was no basis upon which the Board could grant a special permit under M.G.L. c.40A, §9 since "[s]pecial permits may be issued only for uses which are in harmony with the general purpose and intent of the ordinance or by-law."

### EIGHTH AFFIRMATIVE DEFENSE

The Board's decision was supported by substantial evidence.

DATED at Quincy, Massachusetts, this 10th day of September, 2004.

MURPHY, HESSE, TOOMEY & LEHANE, LLP
Attorneys for Town of Danvers and Danvers Board of Appeals

Michael C. Lehane, Esq.
BBO # 292520
Doris R. MacKenzie Ehrens
BBO #544252
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-1923
(617) 479-5000

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Answer has been served this 10th day of September, 2004, upon William A. Worth, Esq., Prince, Lovel, Glovsky & Tye, LLP, 585 commercial Street, Boston, MA 02109-1024 by first class mail, postage pre-paid.

Doris R. MacKenzie Ehrens